IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 07-cr-00429-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   ARTHUR LO,
2.   ANDREW LO,
3.   DEBRA LEE,
4.   NICHOLAS SORASAVONG,
5.   TELI LO,
6.   KAZUHIRO HASHIMOTO,
7.   SOKCHEAT CHHAY,
8.   ALICIA PENKHAY,
9.   VINH LONG TRONG THAN,
      a/k/a "Vinnie,"
10. CHRISTOPHER OLIVAS,
11. DAVID CHUNG,
12. XUAN BUI
      a/k/a "Uncle Sonny,"
13. PHI HAI HOANG NGUYEN,
      a/k/a "Hai,"
14. HIEU HOANG PHAN,
15. CYRIL KIM,
      a/k/a "Rook,"
16. VIET NGUYEN,
17. HOANG KIM LY,
18. BAO LE,
19. LAWRENCE BLASI,
20. THANH TRANG NGUYEN,
      a/k/a "Gigi,"
21. RATTHAPHO PHOMMATHA,
      a/k/a "Po,"
22. SUNGWON KIM,
23. BANG VIET LE,
24. QUAN HOANG NGUYEN,
25. ANTHONY WILSON,
26. QUINTILIAN MINHQUAN HUYNH, and
27. DINH VO,

    Defendants.

**SECOND SCHEDULING ORDER**

**Blackburn, J.**

On July 29, 2008, I conducted a status and scheduling conference, which resulted in the entry of an initial **Scheduling Order** [#270]. My order required counsel to meet, confer, and file a proposed scheduling order, which would govern the filing of pretrial motions and responses. The parties filed a proposed scheduling order on January 28, 2009. I have reviewed the proposed order carefully. I now enter this second scheduling order.

**THEREFORE, IT IS ORDERED** as follows:

1. The following motions and responses shall be filed as required in the table below:

| Type of Motion | Motion Filing Deadline | Response Filing Deadline |
| --- | --- | --- |
| Wiretap suppression motions -- four corners | April 8, 2009 | 45 days after filing deadline |
| Wiretap suppression motions -- non four corners | May 13, 2009 | 45 days after filing deadline |
| Fed.R.Crim.P. 12[1] | April 8, 2009 | 15 days after filing deadline[2] |
| 18 U.S.C. § 3501[3] | April 8, 2009 | 15 days after filing deadline |

---

[1] Other than motions brought under Fed.R.Crim.P. 12(b)(3).

[2] The government may file its response to any timely filed motion within 15 days of the deadline for filing a motion in this category of motions, as opposed to within 15 days of the filing of the discrete motion to which the response applies. This rule applies to all motions for which the deadline for filing a response is "15 days after filing deadline."

[3] Motions impugning the admissibility of confessions.

-2-

| | | |
|---|---|---|
| Motions to Suppress[4] | April 8, 2009 | 15 days after filing deadline |
| Fed.R.Crim.P. 14[5] | May 13, 2009 | 15 days after filing deadline |
| Fed.R.Crim.P. 12(b)(3)[6] | April 13, 2009 | 15 days after filing deadline |
| Fed.R.Evid. 609(a)(1)[7] | 45 days before trial | XXXXXXXXXXXXXXX |

2. On June 1, 2009, at 10:00 a.m. (MDT), the court shall conduct a telephonic[8] scheduling conference, at which timely filed pretrial motions that the court determines should be set for hearing may be set for hearing; provided, furthermore, that counsel for the government shall arrange, initiate, and coordinate the conference call necessary to facilitate the setting conference.

Dated February 10, 2009, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[4] Other than motions to suppress relating to wiretaps and motions under 18 U.S.C. § 3501. I am aware of the modest redundancy or discrepancy between this category of motions and the category of motions I describe as "Fed.R.Crim.P. 12(b)(3)" because Fed.R.Crim.P. 12(b)(3)(C) addresses "(C) a motion to suppress evidence."

[5] Motions to sever. Once again, I am aware of the modest redundancy or discrepancy between this category of motions and the category of motions I describe as "Fed.R.Crim.P. 12(b)(3)" because Fed.R.Crim.P. 12(b)(3)(D) addresses "(D) a rule 14 motion to sever charges or defendants."

[6] Includes motions brought under Fed.R.Crim.P. 12(b)(3)(A), (B), and (E). *See* footnoes 4 and 5, *supra*.

[7] I realize that this category does not describe a type of motion, but instead, describes a type of information; nevertheless, for the sake of convenience, I have included it under the rubric of "Type of Motion."

[8] Thus, no party or attorney need appear in person.