**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 07-cr-00429-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. ARTHUR LO,
2. ANDREW LO,
3. DEBRA LEE,
4. NICHOLAS SORASAVONG,
5. TELI LO,
6. KAZUHIRO HASHIMOTO,
7. SOKCHEAT CHHAY,
8. ALICIA PENKHAY,
9. VINH LONG THAN,
10. CHRISTOPHER OLIVAS,
11. DAVID CHUNG,
12. XUAN BUI,
13. PHI HAI HOANG NGUYEN,
14. HIEU HOANG PHAM,
15. CYRIL KIM,
16. VIET NGUYEN,
17. HOANG KIM LY,
18. BAO LE,
19. LAWRENCE BLASI,
20. THANH TRANG NGUYEN,
21. RATTHAPHO PHOMMATHA,
22. SUNGWON KIM,
23. BANG VIET LE,
24. QUAN HOANG NGUYEN,
25. ANTHONY WILSON,
26. QUINTILLIAN MINHQUAN HUYNH, and
27. DINH VO,

      Defendants.

**ORDER RE: MOTIONS FOR NOTICE AND DISCOVERY UNDER
FED.R.EVID. 404(B)**

**Blackburn, J.**

The matters before me are (1) **Motion For Government To Provide Notice of Rule 404(B) Evidence** [#533][1] filed by defendant (23), Bang Viet Le, April 8, 2009; (2) **Motion For Notice of The Government's Intended Use of 404(b) Evidence and For a Pre-Trial Hearing To Determine The Admissibility of That Evidence** [#541] filed by defendant (7), Chhay, April 8, 2009; (3) **Motion For Disclosure of Rule 404(b) Evidence** [#550] filed by defendant (20), Thanh Trang Nguyen, April 8, 2009; (4) **Motion For Disclosure Pursuant To Rules 404(b) and 609, F.R.E.** [#579] filed by defendant (4), Sorasavong, April 8, 2009; (5) **Hoang Kim Ly's Motion For Disclosure of F.R.E. 404(b) Evidence** [#679] filed by defendant (17), Ly, April 16, 2009; (6) **Motion For Disclosure of 404(b) Evidence** [#694] filed by defendant (10), Olivas, April 17, 2009; and (7) **Motion For Notice of The Government's Intended Use of 404(B) Evidence and For a Pre-Trial Hearing To Determine The Admissibility of That Evidence** [#700] filed by defendant (3), Debra Lee, April 18, 2009.

Defendants seek reasonable pretrial notice of other crimes, wrongs, or acts under Fed.R.Evid. 404(b). Rule 404(b) provides as follows:

> (b) Other Crimes, Wrongs, or Acts.--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

---

[1] "[#533]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order and other orders entered in this case.

2

As a starting point, defendants' discreet requests for pretrial disclosure of 404(b) notice and evidence are governed initially by the extant **Discovery Conference Memorandum and Order** entered as to each defendant, who, relevantly, participated in the formulation of the memorandum.[2]  As to each defendant, the relevant **Discovery Conference Memorandum and Order** requires the government to provide written notice to the defendant no later than 21 days before trial of the government's intent to introduce evidence under Fed.R.Evid. 404(b). *See generally* Memo and Order at 4, ¶ I(C) and 8, ¶ V(A). However, in its consolidated response, the government proposes pretrial notice and disclosure of 404(b) evidence, if any, no later than 45 days before trial. *See* Gov. Response [#825] at 4.  Considering the totality of relevant circumstances, pretrial notice and disclosure of 45 days is eminently reasonable. such advance notice and disclosure will provide defendants with a reasonable time and opportunity to prepare to meet such evidence by cross-examination or competing evidence.

Concerning defendant (4), Sorasavong's request for disclosure of evidence implicating Fed.R. Evid. 609, I find and conclude that generally, there is no requirement under Rule 609 for pretrial disclosure of such information, except under Fed.R.Evid 609(b) to provide sufficient advance written notice of the intent to impeach using

---

[2] A **Discovery Conference Memorandum and Order** was entered as to each defendant-movant as follows:
- for defendant (23), Bang Viet Le, *see* [#238] entered July 24, 2008;
- for defendant (7), Sokcheat Chhay, *see* [#131] entered July 21, 2008;
- for defendant (20), Thanh Trang Nguyen, *see* [#134] entered July 21, 2008;
- for defendant (4), Nicholas Sorasavong, *see* [#128] entered July 21, 2008;
- for defendant (17), Hoang Kim Ly, *see* [#344] entered September 5, 2008;
- for defendant (10), Christopher Olivas, *see* [#124] entered July 21, 2008; and
- for defendant (3), Debra Lee, *see* [#318] entered August 13, 2008.

evidence of a conviction more than ten years old. Thus, Sorasavong's request should be granted, but limited to convictions that are more than ten years old as calculated under Fed.R.Evid. 609.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion For Government To Provide Notice of Rule 404(B) Evidence** [#533] filed by defendant Bang Viet Le, April 8, 2009, is **GRANTED**, but only insofar as it is consistent with the foregoing findings and conclusions and the following orders;

2. That the **Motion For Notice of The Government's Intended Use of 404(b) Evidence and For a Pre-Trial Hearing To Determine The Admissibility of That Evidence** [#541] filed by defendant Chhay, April 8, 2009, is **GRANTED**, but only insofar as it is consistent with the foregoing findings and conclusions and the following orders;

3. That the **Motion For Disclosure of Rule 404(b) Evidence** [#550] filed by defendant Thanh Trang Nguyen, April 8, 2009, is **GRANTED**, but only insofar as it is consistent with the foregoing findings and conclusions and the following orders;

4. That the **Motion For Disclosure Pursuant To Rules 404(b) and 609, F.R.E.** [#579] filed by defendant Sorasavong, April 8, 2009, is **GRANTED**, but only insofar as it is consistent with the foregoing findings and conclusions and the following orders;

5. That **Hoang Kim Ly's Motion For Disclosure of F.R.E. 404(b) Evidence** [#679] filed April 16, 2009, is **GRANTED**, but only insofar as it is consistent with the foregoing findings and conclusions and the following orders;

6. That the **Motion For Disclosure of 404(b) Evidence** [#694] filed by defendant

Olivas, April 17, 2009, is **GRANTED**, but only insofar as it is consistent with the foregoing findings and conclusions and the following orders;

7. That the **Motion For Notice of The Government's Intended Use of 404(B) Evidence and For a Pre-Trial Hearing To Determine The Admissibility of That Evidence** [#700] filed by defendant Debra Lee, April 18, 2009, is **GRANTED**, but only insofar as it is consistent with the foregoing findings and conclusions and the following orders**;**

8. That no later than 45 days before trial, the government **SHALL PROVIDE** defendants with written notice of, at least, the general nature of ant evidence the government intends to offer under Fed.R.Evid 404(b);

9. That no later than 45 days before trial, the government **SHALL PROVIDE** defendants with written notice of its intent to use evidence of a conviction more than ten years old, as calculated under Fed.R.Evid. 609, for purposes of impeachment under Fed.R.Evid. 609; and

10. That each **Discovery Conference Memorandum and Order** affected by this order, *see* footnote 2, *supra.*, is **AMENDED** to the limited extent necessary to facilitate and implement these orders.

Dated July 22, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

5